Patricia A. COLE, et al., Plaintiffs—Appellants,

v.

TCI MEDIA SERVICES, Great Northwest Region, an entity of unknown type, et al., Defendants—Appellees.

No. 00–35508.

D.C. No. CV–98–00342–EJL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2002.

Decided April 8, 2002.

Before ALARCÓN, SILVERMAN, Circuit Judges, and TEILBORG, District Judge.*

* The Honorable James A. Teilborg, United States District Judge for the District of Arizona, sitting by designation.

MEMORANDUM **

Patricia Cole, Cathy Leal and Becki Trueblood appeal the district court's summary judgment dismissal of their complaint alleging violations of Title VII, the Equal Pay Act (EPA) and the Age Discrimination in Employment Act (ADEA) against TCI Media Services, Bruce Wetten and Edward Moore. The district court found that appellants had not filed timely charges with the EEOC and rejected the EPA claim and Leal's constructive discharge claim on the merits.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's grant of summary judgment de novo. *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir.1999) (en banc). We affirm in part, reverse in part and remand for further proceedings. Because the parties are familiar with the facts, we recite them only as necessary to this decision.

■ Appellants first argue that they were entitled to the 300–day limitation period so their charges were timely filed with the EEOC. We review the district court's holding that the claims are barred by the Title VII statute of limitations de novo. *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1175 (9th Cir.2000). We find that all three appellants were entitled to the 300–day period. Appellants' filings of charges in Idaho and Washington were proper. *See* 29 C.F.R. §§ 1601.8 and 1626.5. Leal and Trueblood filed their charges directly with the EEOC no later than October 15, 1997, when the EEOC acknowledged receipt of their signed declarations that were the equivalent of charges. *See* 29 C.F.R. § 1601.12(b); *Cf. Casavantes v. California State University, Sacramento*, 732 F.2d

1441, 1443 (9th Cir.1984) (a completed EEOC intake questionnaire constitutes a charge). Because appellants filed with the EEOC in a deferral state that has a fair employment practices (FEP) agency,[1] they were entitled to 300 days. *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1174 (9th Cir.1999); *Bouman v. Block*, 940 F.2d 1211, 1220 (9th Cir.1991) (if the EEOC transmits the charge to the FEP agency during the deferral period, the 300–day period applies); 29 C.F.R. § 1601.13(a)(4)(ii) (if the FEP agency has waived its period of exclusive processing, the charge is "deemed filed" with the EEOC upon receipt of the document and the 300–day period applies).

■ Cole filed her charge with the Idaho Human Rights Commission on November 24, 1997 and that agency transmitted the charge to the EEOC for processing on December 12, 1997. Her charge was "deemed filed" with the EEOC on December 12, 1997 and the 300–day period applies to Cole. *Id.* § 1601.13(b). Cole's counsel faxed and mailed the letter and declaration adding the ADEA claim to the charge on December 31, 1997. Thus, the ADEA charge was filed on December 31, 1997. 29 C.F.R. § 1626.7; *Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 675 (9th Cir.1988) (an ADEA charge is not filed until the claim is added to the charge).

Because appellants were entitled to the 300–day limitations period, their claims were timely and the district court erred in dismissing the complaint as time-barred.

■ Appellants argue that the district court erred in dismissing their EPA claims because they failed to prove a prima facie

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Both Washington and Idaho are both deferral states with FEP agencies. 29 C.F.R. §§ 1601.71, 1601.80.

case. Although appellants came forward with sufficient evidence to raise a genuine issue of material fact regarding pretext, they failed to come forward with evidence to establish that TCI paid different wages to males for substantially equal work. *Maxwell v. City of Tucson,* 803 F.2d 444, 446 (9th Cir.1986). Thus, summary judgment was proper on the EPA claims.

▮ Leal argues that the district court erred in dismissing her constructive discharge claim because Moore, the cause of the hostile work environment, left the company months before Leal quit. We agree. Leal alleged in her charge and came forward with evidence that her supervisor, Wetten, created much of the hostile environment and Wetten remained Leal's supervisor until Leal's resignation. Thus, Leal came forward with sufficient evidence to raise a genuine issue of material fact of whether the hostile environment and discrimination continued until the date of her resignation. *Cf. Draper v. Coeur Rochester, Inc.,* 147 F.3d 1104, 1108 (9th Cir. 1998) (holding that failure to offer facts regarding incidents after a certain date did not justify summary judgment because plaintiff's statement during her deposition that the conduct persisted for most of her term of employment created a genuine issue of material fact).

AFFIRMED in part, REVERSED in part and REMANDED. Each party shall bear its own costs on this appeal.